IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNIDERS JEAN-JACQUES, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 15-267 |
| | ) | |
| v. | ) | District Judge Kim R. Gibson |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| THE MOSHANNON VALLEY | ) | |
| CORRECTIONAL CENTER and GEO | ) | |
| GROUP, INC., | ) | |
| | ) | ECF No. 16 |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant Geo Group, Inc.at ECF No. 16 be granted.

II. **REPORT**

A. FACTS

Plaintiff Sniders Jean-Jacques ("Plaintiff") is a former federal prisoner at Defendant Moshannon Valley Correctional Center ("MVCC"). (Complaint, ECF No. 3 at 1-2). Geo Group Inc. ("Geo Group"), a second defendant, is a private corporation that operates the prison under a contract with the Federal Bureau of Prisons ("BOP"). (Geo Group Brief in Support of Motion to Dismiss, ECF No. 17, at 1-2).

1

Plaintiff claims that while he was a prisoner at MVCC he was forced to work in the kitchen before being medically cleared; his lawyer's number was removed from his call list; he was verbally abused; and that MVCC refused to file the necessary paperwork for him to be released. (ECF No. 3 at 3).

Plaintiff asserts that the mistreatment began on February 3, 2015 when Ms. Shaw, an MVCC/Geo Group employee, forced him to work in the kitchen. (ECF No. 3 at 3). He claims that at that time he did not have the proper medical clearance to do kitchen work and that Ms. Shaw did not give him the proper equipment to perform the job, causing him to burn his hand. (ECF No. 3 at 3).

Plaintiff avers that when he complained about having to work in the kitchen, he was threatened by Ms. Conklin, another employee, and told that something would happen to him if he did not "keep his mouth shut." (ECF No. 3 at 3). On February 5, 2015 he tried to call his lawyer to report Ms. Conklin's threat and noticed that the number was no longer on his call list. (ECF No. 3 at 3). Plaintiff believes that the number was missing because he told Ms. Conklin that he was going to report her. (ECF No. 3 at 3).

Plaintiff also alleges that he was verbally abused and that the employees refused to file his Application for Certificate of Citizenship N-600[1] form with Citizenship and Immigration Services ("CIS"). (ECF No. 3 at 3). Plaintiff claims that four months after MVCC had claimed to have filed his N-600 form CIS told him that they had not received it, causing him to stay in prison for longer than required. (ECF No. 3 at 3).

Plaintiff avers that he first utilized the internal complaint systems within the BOP. (ECF No. 3 at 4). Plaintiff claims that he first filed a grievance with the Warden of MVCC. (ECF No.

---

[1] The N-600 form is used to certify citizenship for US citizens born outside of the United States or for citizens who acquire their citizenship after birth.

3 at 4). He alleges that after the warden failed to take action, he contacted the BOP twice, once on an unspecified date, the other time on May 21, 2015. (ECF No. 3 at 4). He also contacted Senator Pat Toomey for assistance on April 27, 2015. (ECF No. 3 at 4). Plaintiff also claims that at some point he tried to involve the Governor of Pennsylvania and the Secretary of State. (ECF No. 3 at 4).

Plaintiff then filed a complaint in the Eastern District of Pennsylvania on August 26, 2015. His case was transferred to the Middle District of Pennsylvania, and eventually to the Western District of Pennsylvania on October 14, 2015.

In his complaint, liberally construed, Plaintiff alleges both 42 U.S.C. § 1983 and *Bivens* claims for violation of his constitutional rights against both MVCC and Geo Group.

Plaintiff seeks $30 million in damages to compensate for the fear and anxiety and delay attendant to his release from prison caused by MVCC and Geo Group's employees. (ECF No. 3 at 5).

Presently before the Court is Defendant Geo Group's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6). On February 12, 2016 the Court entered an Order (ECF No. 18) directing Plaintiff to respond to Defendant's Motion to Dismiss by March 14, 2016. Plaintiff failed to file a response. On April 4, 2016 the Court sua sponte entered an Order (ECF No. 19) extending Plaintiff's date to file a response to April 18, 2016. The Court advised Plaintiff that if he did not file a response by that date, it would rule on the motion to dismiss without the benefit of his response. Plaintiff has failed to file a response to the motion to dismiss.

B. <u>LEGAL STANDARD</u>

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler [v. UPMC Shadyside*, 578 F.3d [203,][] 213 [(3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir.2013).

*Thompson v. Real Estate Morg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

**PRO SE COMPLAINTS**

Pursuant to Rule 8(a)(2) of the Federal Rule of Civil Procedure, pleadings, and in particular, pro se complaints, are to be liberally construed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001)); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that, when a plaintiff files a complaint pro se, the pleadings must be liberally construed and the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name"). Indeed, a pro se complaint "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

C. <u>ANALYSIS</u>

**1. SECTION 1983 CLAIMS AGAINST GEO GROUP INC.**

Section 1983 of the Civil Rights Act provides as follows:

> Every person who under color of any statute, ordinace, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, in equity, or other proper proceeding for redress…

42 U.S.C § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Defendant argues that all § 1983 claims against Geo Group must be dismissed because "all of the alleged conduct occurred while Plaintiff was a federal inmate in the custody of the United States Federal Bureau of Prisons." (ECF No. 17, at 4). Defendant contends that action under § 1983 is only available for those acting under color of state law and as a result, is not available against federal actors. (ECF No. 17, at 4).

As noted by Defendant, the focus of § 1983 is the abuse of power granted by the state, and as a result § 1983 only applies to state actors. *West v. Atkins*, 487 U.S. 42, 49 (1988). Therefore, § 1983 claims are not available against federal actors or actors acting under authority of federal law. *Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). Since the conduct alleged by

5

Plaintiff involved federal rather than state actors, Plaintiff cannot state a claim under § 1983. Therefore, Defendant's Motion to Dismiss Plaintiff's § 1983 claim should be granted.

## 2. *BIVENS* CLAIM AGAINST GEO GROUP INC.

The Third Circuit Court of Appeals has interpreted a "*Bivens* action" to be the "federal equivalent of the [§] 1983 cause of action against state actors." *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). *Bivens* causes of action provide a remedy to plaintiffs whose rights have been violated by a person or entity acting under color of federal law. *Id*. Plaintiff's complaint, liberally construed, alleges a *Bivens* claim against Geo Group and MVCC.

In its motion to dismiss, Geo Group claims that Plaintiff cannot bring a *Bivens* action against it because Geo Group is a private corporation. (ECF No. 17, at 5). Geo Group argues that although it operates MVCC, a federal facility, it is still a private corporation simply acting pursuant to a contract with a non-private actor. (ECF No. 17, at 5).

The Supreme Court has limited *Bivens* liability more than § 1983 liability and has declined to provide a cause of action against private actors who contract with government entities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Since *Bivens* is not statutorily based, courts have generally only allowed the specific types of relief contemplated in *Bivens*. *Id.* at 69. In *Malesko*, the court held that the only type of action contemplated in *Bivens* was against individual, named government employees, and declined to allow recovery for alleged constitutional deprivations against a private halfway house that contracted with the BOP. *Id* at 63. *See also Baez v. Cornell Cos.*, No. 3:10–24, 2010 WL 5648572, at *3 (W.D. Pa. Dec. 23, 2010) (holding that a *Bivens* action could not be brought against individual employees of a private corporation that was contracted to operate a federal prison). Although *Bivens* provides a

cause of action for plaintiffs who have had their constitutional rights violated, this cause of action is only available against individual government actors.

As a result, there is no cause of action under *Bivens* in this case. Despite operating under contract with the BOP, a federal authority, Geo Group is still a private actor. Since *Bivens* and subsequent cases have contemplated relief only against government actors, a *Bivens* action cannot be brought against Geo Group. Therefore, Defendant's Motion to Dismiss Plaintiff's *Bivens* claim should be granted[2].

III. **CONCLUSION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant Geo Group, Inc. at ECF No. 16 be granted. After a careful reading of the averments of the Complaint, it is clear that any attempt by Plaintiff to amend would be futile as a matter of law. [3]

In accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2) and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

---

[2] Because Plaintiff does not state a § 1983 claim or a *Bivens* claim as a matter of law, the Court need not address the remainder of Defendant's arguments.

[3] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

Dated this 1st day of July, 2016.	BY THE COURT:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:	**Sniders Jean-Jacques**
99 Elm Hill Avenue
Apt. #12
Dorchester, MA 02121

Counsel of record
via electronic filing