IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNIDERS JEAN-JACQUES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 15-267 |
| | ) | |
| v. | ) | District Judge Kim R. Gibson |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| THE MOSHANNON VALLEY | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| | ) | ECF No. 27 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant the Moshannon Valley Correctional Center at ECF No. 27 be granted.

II. **REPORT**

A. FACTS

Plaintiff Sniders Jean-Jacques ("Plaintiff") is a former federal prisoner at Defendant Moshannon Valley Correctional Center ("MVCC"). (Complaint, ECF No. 3 at 1-2). Geo Group Inc. ("Geo Group"), is a private corporation that operates this federal prison under a contract with the Federal Bureau of Prisons ("BOP"). (MVCC Brief in Support of Motion to Dismiss, ECF No. 28 at 1).

Plaintiff claims that while he was a prisoner at MVCC he was forced to work in the kitchen before being medically cleared; his lawyer's number was removed from his call list; he

was verbally abused; and that MVCC refused to file the necessary paperwork for him to be released. (ECF No. 3 at 3).

Plaintiff asserts that the mistreatment began on February 3, 2015 when Ms. Shaw, an MVCC/Geo Group employee, forced him to work in the kitchen. (ECF No. 3 at 3). He claims that at that time he did not have the proper medical clearance to do kitchen work and that Ms. Shaw did not give him the proper equipment to perform the job, causing him to burn his hand. (ECF No. 3 at 3).

Plaintiff avers that when he complained about having to work in the kitchen, he was threatened by Ms. Conklin, another employee, and told that something would happen to him if he did not "keep his mouth shut." (ECF No. 3 at 3). On February 5, 2015 he tried to call his lawyer to report Ms. Conklin's threat and noticed that the number was no longer on his call list. (ECF No. 3 at 3). Plaintiff believes that the number was missing because he told Ms. Conklin that he was going to report her. (ECF No. 3 at 3).

Plaintiff also alleges that he was verbally abused and that the employees refused to file his Application for Certificate of Citizenship N-600[1] form with Citizenship and Immigration Services ("CIS"). (ECF No. 3 at 3). Plaintiff claims that four months after MVCC had claimed to have filed his N-600 form CIS told him that they had not received it, causing him to stay in prison for longer than required. (ECF No. 3 at 3).

Plaintiff avers that he first utilized the internal complaint systems within the BOP. (ECF No. 3 at 4). Plaintiff claims that he first filed a grievance with the warden of MVCC. (ECF No. 3 at 4). He alleges that after the warden failed to take action, he contacted the BOP twice, once on an unspecified date, the other time on May 21, 2015. (ECF No. 3 at 4). He also contacted

---

[1] The N-600 form is used to certify citizenship for United States citizens born outside of the United States or for citizens who acquire their citizenship after birth.

2

Senator Pat Toomey for assistance on April 27, 2015. (ECF No. 3 at 4). Plaintiff also claims that at some point he tried to involve the Governor of Pennsylvania and the Secretary of State. (ECF No. 3 at 4).

Plaintiff then filed a complaint in the Eastern District of Pennsylvania on August 26, 2015. His case was transferred to the Middle District of Pennsylvania, and eventually to the Western District of Pennsylvania on October 14, 2015.

In his complaint, liberally construed, Plaintiff alleges both 42 U.S.C. § 1983 and *Bivens* claims for violation of his constitutional rights against both MVCC and Geo Group.

Plaintiff seeks $30 million in damages to compensate for the fear and anxiety and delay attendant to his release from prison caused by MVCC and Geo Group's employees. (ECF No. 3 at 5).

Presently before the Court is Defendant MVCC's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6). (ECF No. 27). On July 22, 2016, the Court entered an Order (ECF No. 29) directing Plaintiff to respond to Defendant's Motion to Dismiss by August 11, 2016. The Court further advised Plaintiff that if he did not file a response by that date, it would rule on the Motion to Dismiss without the benefit of a response. Plaintiff has failed to file a response to the Motion to Dismiss.[2]

B. <u>LEGAL STANDARD</u>

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

---

[2] Plaintiff also failed to file a response to Defendant Geo Group's Motion to Dismiss that was granted by Order of the District Judge on July 27, 2016. (ECF No. 30). Plaintiff has also failed to comply with the undersigned's Order of July 29, 2016 directing Plaintiff to indicate whether he consents to the jurisdiction of this magistrate judge or remain assigned to the district judge. The response to this Order was due by August 12, 2016.

3

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler [v. UPMC Shadyside*, 578 F.3d [203,][] 213 [(3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir.2013).

*Thompson v. Real Estate Morg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

**PRO SE COMPLAINTS**

Pursuant to Rule 8(a)(2) of the Federal Rule of Civil Procedure, pleadings, and in particular, pro se complaints, are to be liberally construed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001)); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that, when a plaintiff files a complaint pro se, the pleadings must be liberally construed and the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name"). Indeed, a pro se complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

4

C. ANALYSIS

**1. SECTION 1983 CLAIMS AGAINST MVCC**

Section 1983 of the Civil Rights Act provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, in equity, or other proper proceeding for redress . . . .

42 U.S.C § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Defendant argues that all § 1983 claims against MVCC must be dismissed because "all of the alleged conduct occurred while Plaintiff was a federal inmate in the custody of the United States Federal Bureau of Prisons." (ECF No. 28 at 4). Defendant contends that action under § 1983 is only available for those acting under color of state law and as a result, is not available against federal actors. (ECF No. 28 at 4).

As noted by Defendant, the focus of § 1983 is the abuse of power granted by the state, and as a result, § 1983 only applies to state actors. *West v. Atkins*, 487 U.S. 42, 49 (1988). Therefore, § 1983 claims are not available against federal actors or actors acting under authority of federal law. *Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006). Plaintiff cannot state a claim under § 1983 where the conduct alleged by Plaintiff involved federal rather than state actors.

5

Therefore, Defendant's Motion to Dismiss Plaintiff's § 1983 claim should be granted. Any attempt to amend this claim would be futile as a matter of law.[3]

### 2. *BIVENS* CLAIM AGAINST MVCC

The Third Circuit Court of Appeals has interpreted a "*Bivens* action" to be the "federal equivalent of the [§] 1983 cause of action against state actors." *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). *Bivens* causes of action provide a remedy to plaintiffs whose rights have been violated by a person acting under color of federal law. *Id.* Plaintiff's complaint, liberally construed, alleges a *Bivens* claim against MVCC.

In its motion to dismiss, MVCC claims that Plaintiff cannot bring a *Bivens* action against it because MVCC is federal prison operated by a private corporation (Geo Group) pursuant to a contract with the Federal Bureau of Prisons. (ECF No. 28 at 5).

In *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001), the United States Supreme Court limited *Bivens* liability and declined to extend a cause of action against a private corporation operating a halfway house under contract with the BOP. 534 U.S. at 66. In *Malesko*, the Supreme Court noted that the only type of action contemplated in *Bivens* was against individual, named government employees. *Id* at 63. In reaching its conclusion in *Malesko*, the Supreme Court examined the purpose of *Bivens* and emphasized the following:

> Most recently, in *FDIC v. Meyer*, we unanimously declined an invitation to extend *Bivens* to permit suit against a federal agency, even though the agency—because Congress had waived sovereign immunity—was otherwise amenable to suit. 510 U.S. [471] at 484-486 [(1994)]. Our opinion emphasized that "the purpose of *Bivens* is to deter *the officer*," not the agency. *Id.* [] at 485 (emphasis in original) (citing *Carlson v. Green*, [446 U.S. 14,] []

---

[3] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

> 21 [(1980))]. We reasoned that if given the choice, plaintiffs
> would sue a federal agency instead of an individual who could
> assert qualified immunity as an affirmative defense. To the extent
> aggrieved parties had less incentive to bring a damages claim
> against individuals, "the deterrent effects of the *Bivens* remedy
> would be lost." 510 U.S. at 485. . . . We noted further that
> "special factors" counseled hesitation in light of the "potentially
> enormous financial burden" that agency liability would entail. *Id.*
> at 486.
> . . .
> There is no reason for us to consider extending *Bivens* beyond the
> core premise here. . . . If a federal prisoner in a BOP facility
> alleges a constitutional deprivation, he may bring a *Bivens* claim
> against the offending individual officer, subject to the defense of
> qualified immunity. The prisoner may not bring a *Bivens* claim
> against the officer's employer, the United States, or the BOP.
> With respect to the alleged constitutional deprivation, his only
> remedy lies against the individual; a remedy *Meyer* found
> sufficient . . . .

*Malesko*, 534 U.S. at 69-72 (parallel citations and footnote omitted).

As a result, there is no cause of action under *Bivens* in this case. Since *Bivens* and subsequent cases have contemplated relief only against individual government actors, a *Bivens* action cannot be brought against a private corporation contracting with the BOP, the BOP, or other federal agency. Therefore, Defendant's Motion to Dismiss Plaintiff's *Bivens* claim against MVCC should be granted. Any attempt to amend the Complaint would be futile as a matter of law.[4]

---

[4] Any attempt to add the individuals employed by Geo Group who operated MVCC fails as a matter of law. *See Minneci v. Pollard*, 132 S. Ct. 617, 626 (2012) (*Bivens* claim will not be implied where federal prisoner seeks damages from privately employed personnel working at privately operated federal prison, where conduct allegedly amounts to Eighth Amendment violation, and where that conduct typically falls within scope of traditional state tort law). As noted by the *Minneci* Court, Plaintiff may have a state court action in tort. *Id.*

7

III. **CONCLUSION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant Moshannon Valley Correctional Center at ECF No. 27 be granted. It is also recommended that the clerk mark the case closed.

In accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2) and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

October 5, 2016 BY THE COURT:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Sniders Jean-Jacques
    99 Elm Hill Avenue
    Apt. #12
    Dorchester, MA 02121

    Counsel of record
    Via electronic filing